886 F.2d 330
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leautry NEVELS, Plaintiff-Appellant,
v.
Timothy SMITH, Deputy Sheriff; Judith Perry, Deputy
Sheriff; Clinton County Sheriff's Department;
Patrick Haley, Sheriff Clinton County,
Defendants-Appellees.
 No. 88-4114.
 United States Court of Appeals, Sixth Circuit.
 Sept. 28, 1989.
 
 Before MERRITT and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff Nevels appeals pro se from the district court's order granting summary judgment to the defendants in this civil rights case. 42 U.S.C. Sec. 1983 (1982). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Nevels is a resident of Wilmington, Ohio, which is located in Clinton County. The defendants are the county, the county's sheriff's department, the county sheriff, and two deputy sheriffs. In his complaint, Nevels alleged that the defendants violated his constitutional rights when they falsely arrested and maliciously prosecuted him on a rape charge. A jury eventually acquitted Nevels of the charge. The district court granted summary judgment to the defendants on the basis of qualified immunity.
 
 
 3
 Government officials, performing discretionary functions, generally are shielded from liability for damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The police may rely on facially valid arrest warrants despite vehement claims of innocence. Baker v. McCollan, 443 U.S. 137, 146 (1979); Masters v. Crouch, 872 F.2d 1248, 1252-53 (6th Cir.1989). Where there are sufficient facts to warrant a prudent person to believe a crime was committed and that the party in question committed it, the failure of the police officers to make further investigation does not negate the existence of probable cause for arrest. Coogan v. City of Wixom, 820 F.2d 170, 173 (6th Cir.1987).
 
 
 4
 Here the district court correctly held that the defendants merely followed proper procedures when processing Nevels's case. Moreover, the state court entered a finding of probable cause after a preliminary hearing. This finding at the preliminary hearing collaterally estops Nevels from asserting a lack of probable cause. Coogan, 820 F.2d at 175. Accordingly, Nevels's case lacks merit.
 
 
 5
 The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.